UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARRON WHITE<br>14414 Colonel Fenwick Ct.<br>Upper Marlboro, MD  20772<br><br>    Plaintiff,<br><br>        v.<br><br>JANET NAPOLITANO<br>  Secretary,<br>  U.S. Dept of Homeland Security<br>Washington, D.C.  20528<br><br>    Defendant. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*   Civil Action No.<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**Introduction:**

1.   Plaintiff Sharron White, a current employee of the United States Department of Homeland Security, Customs and Border Protection, a federal executive agency of the United States, brings this action against her employer to address violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq,* for discriminatory actions by Defendant.  Defendant's actions have interfered with the career advancement of Ms. White, causing economic and psychological harm, because of Ms. White's sex. Plaintiff seeks appropriate relief.

**Jurisdiction and Venue:**

2. All actions complained of herein involve a Plaintiff and a Defendant who have an employment relationship, the subject of this Complaint. This Court has jurisdiction over the claims alleged herein pursuant to 42 U.S.C. § 2000e-(5)(f), and 28 U.S.C. §1343.

3. The actions upon which this law suit relies have taken place within the jurisdictional boundaries of the District of Columbia and thus venue is proper in this Court.

**Parties:**

4. Ms. White, a female has been employed by Defendant Janet Napolitano, as a Contract Specialist, at the GS-13 level, for the Field Operations Contracting Division, at the United States Department of Homeland Security. Ms. White has held her position since January 4, 2009 and is employed in Washington, D.C.

5. Defendant is the Secretary of the United States Department of Homeland Security, with responsibility to insure that the federal agency operates free from the burden of gender bias. Defendant Janet Napolitano has overall supervisory authority over Plaintiff's current first level supervisor, Robert Abood, second level supervisor Anthony Harvin and all other managers who may have had involvement with the failure to promote Ms. White.

**Statement of Material Facts:**

6. On or about March 5, 2008, a vacancy announcement was posted by Defendant for contract specialist positions at the U.S. Department of Homeland Security, Customs and Border Protection. Career ladder promotion potential for some of these vacancies was up to GS-14 level.

7. The announcement stated the each selected applicant would be notified at the time of referral of the full performance level for which the applicant was hired.

8. Plaintiff White applied under this vacancy announcement during the time period the announcement was open.

9. Plaintiff White completed the application process and was selected by Defendant for one of the vacant positions and she was ultimately hired.

10. Ms. White was notified that the full performance level for her position was a GS-14.

11. Plaintiff was hired at the GS-13 level, with a start date of January 4, 2009.

12. Because Plaintiff was hired at the GS-13 level into a position for which the full performance level is at GS-14, the selection placed Ms. White into a career ladder.

13. On October 26, 2009, Plaintiff White received her first Employee Proficiency Review" from her immediate supervisor Robert Abood.  Mr. Abood rated Plaintiff as "Successful," the higher of two possible choices, noting that Ms. White "has successfully performed her assigned duties and responsibilities."

14. When Plaintiff inquired about her career ladder promotion, Mr. Abood informed her that at that time she would not receive a promotion to the GS-14 level because she needed to work on complex procurements, obtain contracting officers warrant to sign her work and the work of others and to complete all contracting courses for Level III.

15. Several months later, on or about March 26, 2010, Ms. White learned that her only procurement with some complexity might be cancelled.  Plaintiff White met with Robert Abood and suggested that she work in another contracting office that had complex procurement work.  Mr. Abood rejected the suggestion, telling Ms. White that she would get her promotion within a year but he wanted her to get the experience working a complex procurement with a source selection plan.

16. During the next year, FY 2011, Plaintiff White was assigned only one procurement with complexity which required her to work outside of her office.

17. Male co-workers were assigned complex procurements which provided them the experience needed to advance their careers.

18. On November 5, 2010, Plaintiff White was again rated as "Successful" in her work performance.

19. However, Ms. White again was informed by Mr. Abood that she would not receive her career ladder promotion to the GS-14 grade because he claimed Plaintiff had not yet obtained complex procurement experience that he asserted was necessary.

20. Around this same time, Ms. White learned that Mr. Anthony Harvin, her second level supervisor, had written her a memorandum titled "Career Ladder Promotion."

21. Although the Harvin memorandum was addressed to Ms. White and dated June 28, 2010, Ms. White did not see it until the November 5th meeting with Mr. Abood.

22. The June 28, 2010, Harvin memorandum to Plaintiff purported to explain the denial of promotion, without specific factual explanation.

23. In the June 28, 2010, memorandum, Ms. Harvin promised to work with Ms. White to "develop her skills" to "allow" her to be promoted. Mr. Harvin, however, did not provide the necessary assignments to "allow" Ms. White to be promoted.

24. During that same time frame, Mr. Harvin provided more assistance to male co-workers of Plaintiff to enable those co-workers to advance their careers.

25. On January 19, 2011, Plaintiff White was detailed to another office to work as a Contract Specialist on the Ultra Light Aircraft Detection procurement (ULAD). Mr. Abood told Plaintiff

when she was detailed that the work would assist her in getting promoted and that her evaluations would reflect her work efforts.

26. Despite the promises, Ms. White was not promoted and received no credit for her efforts on ULAD in either her mid-year or end of year evaluations.

27. On October 12, 2011 Plaintiff White was informed that she would not be promoted to the GS-14 grade.

28. On October 24, 2011, Plaintiff White requested a written explanation of the reasons for the denial of her career ladder promotion, but her supervisor Robert Abood denied her request.

29. Since the end of her first year in Defendant's employment, Plaintiff White could have been promoted to the GS-14 level contract specialist at any time. Although Plaintiff White raised the issue of her career ladder position at least every year at the time of her performance evaluation, she could have been promoted on any business day after the completion of her first year, in January, 2010.

30. Since the arrival of Plaintiff in Division Director Anthony Harvin's office, (Field Operations Contracting Division) he has been providing contracting assistance to a male similarly situated co-worker.

31. That co-worker, Brice Winston, received his career ladder promotion to GS-14 after only one year in the GS-13 contract specialist position despite having fewer relevant skills and less relevant training and experience than Plaintiff. Mr. Winston started working in August 2008, six months before Plaintiff began in that same office.

32. Other male co-workers also received better career-enhancing assignments and assistance from the supervisors working in that office than was given to Ms. White.

33.     Believing that the favorable treatment received by her male co-workers unfairly benefited their careers because of their sex, Plaintiff White timely filed an EEO complaint with Defendant's Office of Diversity and Civil Rights.

34.     Again, since the filing of her EEO complaint in November, 2011, Ms. White has repeatedly demonstrated her ability to perform at the GS-14 level and could have and should have been promoted to that grade level.

35.     However, Plaintiff has not been promoted and most recently received a clear pronouncement from her new immediate supervisor, Susan Hargett-Evans, who reports to Mr. Harvin, that she will not be promoted at the current time to a GS-14.

36.     Believing that her knowledge, skills and abilities to perform at the GS-14 level are even better and believing that the level of resistance to her promotion to GS-14 has increased, Plaintiff suspects that unlawful retaliation is now also a factor in her failure to be promoted.

37.     Within forty-five (45) days of Ms. White again being informed of the denial of her career ladder promotion, she filed a new EEO complaint with Defendant's Office of Diversity and Civil Rights, alleged that either or both sex discrimination and retaliation are the reason(s) for the denial of her promotion.

38.     Administrative processing of that EEO complaint continues and is not yet a part of this civil action.

<u>Claim</u>

<u>COUNT I</u>     <u>Failure to Promote Plaintiff Because of Her Sex.</u>

Paragraphs 1 through 38 are incorporated herein by reference. The unlawful actions and inactions taken against Plaintiff resulting in her failure to be promoted with the resulting loss of

compensation were committed because of her sex in violation of section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

Relief Requested

WHEREFORE, Plaintiff Sharron White respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff White;

2. Order Defendant to award Plaintiff actual damages for her lost wages and lost benefits and interest on the value of the lost wages and benefits for the failure to promote her and the failure to properly compensate her for work performed;

3. Order Defendant to promote Ms. White to a GS-14, at the step she would have been but for the unlawful discrimination she suffered;

4. Order Defendant to amend Plaintiff's personnel records to accurately reflect the work she performed and the level of her performance.

5. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the harm she has suffered as a result of Defendant's unlawful actions in violation of Title VII of the Civil Rights Act of 1964.

6. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

7. Order such additional relief as the Court deems proper and just.

Jury Demand

Plaintiff White demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

_____/s/_____
Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES
1050 Seventeenth Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 393-4900